## COMMONWEALTH *vs.* JOHN FARRAR.

Upon the trial of an indictment for unlawful sales of intoxicating liquors, two witnesses testified that they drank such liquors together at the defendant's shop and other places; one of them testified that his object was to inform against the sellers; but ooth testified that the other did not know of this object, and he testified that his only object was to gratify his appetite. He was asked on cross-examination whether on leaving one of these places the other witness did not whistle for him, and answered in the negative. *Held*, that this answer was immaterial, and could not be contradicted.

INDICTMENT on *St.* 1855, *c.* 215, §§ 15, 17, for unlawfully selling intoxicating liquors. Trial and conviction in the court of common pleas before *Bishop*, J., who allowed this bill of exceptions :

" The only witnesses called by the government who testified to any sales of intoxicating liquors were David M. Currier and Thomas J. Burns of Methuen. They testified that upon the evenings of the 17th and 20th of January 1857 they purchased and drank at the defendant's house and eight or ten other places intoxicating liquors. Currier testified that he came to Lawrence with Burns to purchase at said places, and for the purpose of informing against the persons keeping the said places ; but that Burns did not know of his object, and that neither he nor Burns had ever before the 17th been at either of said places. Burns testified that he came to Lawrence with Currier, but had no suspicion of his object in visiting the places where he either went with or met him ; that his own only object in going to the various places was to get liquor to gratify his appetite for the same. Both Currier and Burns testified that they met upon the 17th and 20th aforesaid at all of those places where they got drink by mere accident, and without arrangement or any concert of action.

" Upon the cross-examination Burns was asked if, upon leaving one of the places where they got drink upon these occasions, Currier did not whistle for him. He said, ' No ; he did not.' He was then asked if he had not testified upon a former occasion that Currier did so whistle for him. He answered that he

had not so testified. The counsel for the defendant then offered to prove that Burns had so testified. But the court, deeming it collateral and immaterial to the issue, refused to allow witnesses to be called for the purpose of contradicting Burns upon this subject."

*D. Saunders, Jr.*, for the defendant, cited *Commonwealth* v. *Sacket*, 22 Pick. 394; *Folsom* v. *Brawn*, 5 Foster, 114; *Drew* v. *Wood*, 6 Foster. 363; *Newton* v. *Harris*, 2 Selden, 345; *Cameron* v. *Montgomery*, 13 S. & R. 132.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

MERRICK, J. The evidence offered to disprove the truth of the answer given by Burns, a witness produced in support of the prosecution, to a question put to him on his cross-examination, was excluded solely upon the ground that the fact of which he testified was collateral and irrelevant to the issue to be tried. The rule of law upon which this exclusion was directed is too familiar and well settled to be denied; and the defendant does not attempt or propose to contest it. 1 Greenl. Ev. § 449. His objection is not to the rule, but to the application of it in a case and under circumstances where he contends it ought not to have been applied. His position is, that the fact that Burns was called by the whistle of Currier to some one or more of the several drinking shops which they visited together would, if proved, have had a tendency to show that there was a previously arranged scheme or confederacy between them to induce sundry persons to make sales of spirituous liquors in violation of law, and thus to procure the means wherewith to convict them of a criminal offence; that such a confederacy must necessarily have created a bias and prejudice in their minds against the parties who were the objects of their conspiracy; and that such feelings, or state of feeling, may always be shown, to impeach a witness and disparage his credibility.

But without stopping to determine the question of law involved in this general proposition, or even at all to consider it, since it seems wholly unnecessary to do so, we think it very clear that the position taken by the defendant cannot be maintained. Currier undoubtedly went to Lawrence to purchase

Commonwealth *v.* Farrar.

liquor at various places for the purpose of informing against the keepers of them. That he openly and distinctly avows. But he testified that he did not make known this purpose to Burns ; and the latter declared that he was entirely ignorant of it. His object, according to his own testimony, was to get the liquor merely to gratify his appetite and desire to drink it. The fact that he was invited by a companion, either in express terms or by token which was equally intelligible, to accompany him to places where intoxicating liquor could be procured, is certainly not less consistent with the supposition that in giving his attention to it he was seeking renewed opportunities of indulgence, than with the hypothesis that he was an accomplice in a conspiracy to procure the commission of a crime for the sake of prosecuting the offender. The witness may have had the one or the other of these objects in view ; he may have been influenced in his conduct by motives which either of them would have excited. But which of them exerted this influence, the fact that he first received an invitation, or listened to some sound which he understood to be its equivalent, before he went to the place of sale, has no tendency to elucidate or disclose. It is not inconsistent with either hypothesis. It was therefore immaterial and worthless as a means of proof, and was properly rejected as collateral and irrelevant to the issue, because it could afford no aid to the jury in reference to the question upon which they were to pass. Whenever the evidence of circumstances leaves it indifferent which of several hypotheses is true, it never can amount to proof, however great the probability in relation to one of them may be ; and it can therefore scarcely fail to be the occasion of injustice if it is not in practice entirely disregarded. 1 Stark. Ev. (1st Amer. ed.) 506.          *Exceptions overruled.*